United States District Court
District of Massachusetts

| | |
|---|---|
| RICHARD KINGSBOROUGH et al., for themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SPRINT COMMUNICATIONS COMPANY L.P., CENTURYLINK COMMUNICATIONS, LLC and WILTEL COMMUNICATIONS, LLC.<br><br>    Defendants. | Civil Action No.<br>14-12049-NMG |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES TO SETTLMENT CLASS COUNSEL**

**GORTON, J.**

Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiffs in this class action have moved for an award of attorneys' fees and expenses to Settlement Class Counsel. Under Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law. The Court does so, as follows, in granting the motion:

### I. Findings of Fact

1. This class-action settlement resolves a property-rights dispute that arises out of the installation of fiber-optic cable on railroad rights of way by Sprint Communications Company L.P., CenturyLink Communications, LLC f/k/a Qwest

-1-

Communications Company, LLC, and WilTel Communications, LLC ("the Settling Defendants"). The claims resolved by the Settlement affect parcels of land in Massachusetts covering approximately 260 miles of rights of way throughout the state.

2. On December 4, 2014, the Court entered an order preliminarily approving the Settlement, certifying the Settlement class and approving the form and manner of notice. On January 23, 2015, the claims administrator mailed notices to 6,359 current and prior property owners along railroad rights of way in Massachusetts containing telecommunications facilities installed by the Settling Defendants and opened a Settlement call center and website. The notice, which was posted on the website, advised in pertinent part:

> The Court will decide how much Class Counsel and any other lawyers will be paid. Class Counsel will ask the Court for attorneys' fees, costs and expenses of $597,000....The Defendants will separately pay these fees and expenses and the payment will not reduce the benefits available for the Class.

Notice ¶ 24. The Notice further advised that the Court would hold a Fairness Hearing on April 8, 2015, at which time the Court would "consider how much to pay Class Counsel." Id. ¶ 27. On April 8, 2015, the Court held the final Fairness Hearing.

3. The Settlement Agreement provides in pertinent part:

> Settlement Class Counsel may seek from the Court a cash award of fees and expenses from the Settling Defendants, in an amount not to exceed the Maximum

2

> Attorneys' Fee Award, to which the Settling Defendants
> will not object.

Settlement Agreement § II.E.1. The Settlement Agreement defines the Maximum Attorneys' Fee Award as $868,000. By order dated November 13, 2014, the Court conditioned preliminary approval of the settlement on the reduction of the originally requested $868,000 fee-and-expense award to no more than 25% of the gross value of the settlement, to which Plaintiffs' counsel agreed by reducing the request to $597,000. The Settlement Agreement further provides that

> the Settling Defendants shall deposit any attorneys' fee award approved by the Court, which shall not exceed the Maximum Attorneys' Fee Award, into the interest-bearing escrow account established with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final.

Settlement Agreement § II.E.2.

4. The escrow account established with U.S. Bank is a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B. The escrow account is maintained by U.S. Bank in New York, New York, with the Garretson Firm Resolution Group, Inc. ("GFRG") serving as the Fund Administrator. These arrangements are consistent with the terms of an Escrow Agreement entered into as of August 26, 2011 between certain Settlement Class Counsel, U.S. Bank and GFRG.

5.  Settlement Class Counsel estimate that approximately $1,480,000 in cash benefits are available for class members to claim. Administrative costs (to be paid separately by the Settling Defendants) in creating and updating a sophisticated database to notify class members, implement the Settlement and process claims, are estimated at an additional $313,000. The agreed-to attorneys' fees and non-taxable costs of $597,000 (which will not reduce benefits payable to class members) bring the total gross value of the Settlement to roughly $2,390,000.

## II. Conclusions of Law

6.  The pertinent federal rule provides that,

> [i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by...the parties' agreement....A claim for an award must be made by motion under Rule 54(d)(2), [notice of which must be] directed to class members in a reasonable manner [and that the Court] must find the facts and state its legal conclusions under Rule 52(a).

Fed. R. Civ. P. 23(h)(1) and (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B). Notice of such a fee award motion was provided in the class notice and on the website.

7.  Here, Settlement Class Counsel estimate that, based upon the miles of rights of way covered by the Settlement, if

4

each class member were to claim the available cash benefits, approximately $1,490,000 would be paid to qualifying class members. When estimated administrative costs of $313,000 (to be borne by the Settling Defendants) and the agreed-to attorneys' fees and expenses of $597,000 (also to be paid separately by the Settling Defendants) are factored in, the gross value of the Settlement is approximately $2,390,000. The $597,000 fee-and-expense award therefore represents 25% of the fund as a whole.

8. At 25% of the common fund, the fee and expense request is reasonable. See Latorraca v. Centennial Techs. Inc., 834 F. Supp. 2d 25, 27 (D. Mass. 2011) ("Courts in this circuit generally award attorneys' fees in the range of 20-30%...") (citations omitted); Mazola v. May Dept Stores Co., 1999 WL 1261312, at *4 (D. Mass. Jan. 27, 1999) ("[I]n this circuit, percentage fee awards range from 20% to 35% of the fund. This approach mirrors that taken by the federal courts in other jurisdictions.").

9. Furthermore, there were no objections to the fee-and-expense award. The Court-approved notice stated that, at the conclusion of the fairness hearing, counsel would seek a fee-and-expense award up to $597,000. The notice also informed class members of their ability to object to the fee-and-expense request. No class member objected to it. The absence of objection by class members to Settlement Class Counsel's fee-

and-expense request further supports a finding that it is reasonable.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:**

1) the motion for an award of attorneys' fees and expenses to Settlement Class Counsel is **ALLOWED**;

2) the Court approves a fee-and-expense award of $597,000 to Settlement Class Counsel;

3) Settling Defendants shall deposit the fee-and-expense award approved by the Court into the interest-bearing escrow account (established as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B and as a trust under state law) with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final, that any alleged or actual civil liability against the Settling Defendants for attorneys' fees arising out of the tort claims resolved by the Massachusetts Class Settlement Agreement approved by this Court is satisfied and extinguished through the Settling Defendants' payment of the fee-and-expense award and that any interest earned on the escrow account shall be recognized as gross income of the Qualified Settlement Fund; and

4) the appointment of GFRG as the Fund Administrator for the escrow account is hereby confirmed and that the escrow account shall be governed by the Escrow Agreement entered into as of August 26, 2011 between Settlement Class Counsel, U.S. Bank and GFRG.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated April 8, 2015